**Kenneth L. NORD, Plaintiff–Appellant,**

v.

**The BLACK & DECKER DISABILITY PLAN, Defendant–Appellee.**

No. 00–55689.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2001.

Original Opinion Filed July 15, 2002.

Opinion Vacated by the Supreme Court May 27, 2003.

Filed Jan. 23, 2004.

Lawrence D. Rohlfing, Rohlfing Law Firm, Santa Fe Springs, CA, for plaintiff-appellant.

Lee T. Paterson, Amanda C. Sommerfeld, Winston & Strawn LLP, Los Angeles, CA, for defendant-appellee.

Before: B. FLETCHER, D.W. NELSON, and McKEOWN, Circuit Judges.

## ORDER

The Supreme Court has vacated our opinion in *Nord v. Black & Decker Disability Plan,* 296 F.3d 823, 828 (9th Cir. 2002) and remanded for further proceedings. *See Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003).

Kenneth Nord challenges the decision of Black & Decker Disability Benefits Plan ("Black & Decker" or the "Plan") to deny Nord's application for thirty months of disability benefits. The district court upheld the denial of benefits. We reversed and held that when making benefits decisions under the Employee Retirement Income Security Act of 1974 ("ERISA"), plan administrators must credit the opinions of an employee's treating physician over the opinion of a physician retained by the plan. We also held that Black & Decker's denial of benefits to Nord, taking into consideration the weight that should be given the treating physician's opinion, showed a conflict of interest and therefore that the Plan's denial should be reviewed de novo and summary judgment granted to Nord. The Supreme Court reversed only as to the treating physician rule but vacated our opinion and remanded for further proceedings. We now reinstate the district court's judgment.

1010

As we stated in our prior opinion, where, as here, a plan administrator has "discretionary authority to determine eligibility for benefits," we review the benefits decision for abuse of discretion. *Nord v. Black & Decker Disability Plan*, 296 F.3d 823, 828 (9th Cir.2002) ("*Nord I*"), reversed on other grounds by *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003); see also *Hensley v. Northwest Permanente P.C. Retirement Plan & Trust*, 258 F.3d 986, 994 (9th Cir.2001). However, where the "benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.'" *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). As the Supreme Court has recently noted, if a conflict of interest is "plausibly raised," the "review for abuse of discretion [should] home in on [that] conflict. . . ." *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 384 n. 15, 122 S.Ct. 2151, 153 L.Ed.2d 375 (2002). The Court left an open question as to "just how deferential the review can be when the judicial eye is peeled for conflict of interest." *Id.*

There is an apparent conflict of interest here, because Black & Decker is both the administrator and the funding source for the Plan. *See Nord I*, 296 F.3d at 828. To create a rebuttable presumption that Black & Decker in fact violated its fiduciary obligations, we require "material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self-interest caused a breach of the administrator's fiduciary obligations to the beneficiary." *Atwood v. Newmont Gold Co., Inc.*, 45 F.3d 1317, 1323 (9th Cir.1995). As the district court and we stated in *Nord I*, "material, probative evidence" may consist of "inconsistencies in the plan administra-

tor's reasons, insufficiency of those reasons, or procedural irregularities in the processing of the beneficiaries claims." *Nord I*, 296 F.3d at 829 (internal citations omitted). If there is probative evidence of a conflict of interest and Black & Decker cannot rebut it, the denial of benefits is reviewed de novo.

The district court recognized the apparent conflict of interest and reviewed the Plan administrator's decision with the special care required by *Firestone*. See *Firestone*, 489 U.S. at 115, 109 S.Ct. 948. We note that *Rush* left an open question about the level of deference that should be given to a plan administrator's decision where there is an apparent conflict of interest. *See Rush*, 536 U.S. at 384 n. 15, 122 S.Ct. 2151. However, here the district court gave appropriately careful scrutiny to all the evidence. The district court noted particularly that the primary evidence in Nord's favor was undermined because: (1) Nord's physicians did not respond to the Black & Decker physician's opinion when given the opportunity; and (2) the opinion of Black & Decker's HR representative was undermined because the questionnaire was leading and she was not an expert with all the necessary information. Our review of the evidence confirms the district court's view that in the absence of a "treating physician's rule," there was not material evidence of an actual conflict of interest, and the Plan's decision was not an abuse of discretion.

We now reinstate the judgment of the district court.

REMANDED.