**Gene MANINGER, Plaintiff— Appellant,**

v.

**HARTFORD INSURANCE COMPANY, Defendant—Appellee.**

No. 04–15950.

D.C. No. CV–03–02766–SBA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2005.

Decided Dec. 20, 2005.

Berehanu H. Challa, Law Offices of Berehanu H. Challa, Menlo Park, CA, for Plaintiff–Appellant.

Dennis G. Rolstad, Sedgwick, Detert, Moran & Arnold LLP, San Francisco, CA, for Defendant–Appellee.

Before TROTT, T.G. NELSON, and PAEZ, Circuit Judges.

## MEMORANDUM *

Plaintiff Gene Maninger appeals the district court's grant of summary judgment to Defendant Hartford Life Accident and Insurance Company in his ERISA action for

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

continuing disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We conclude that the district court properly applied the abuse of discretion standard when it reviewed Hartford's decision. Maninger did not satisfy his burden of producing material, probative evidence that a serious conflict existed.[1] At most, he showed an "apparent" conflict.[2] Thus, although the court had to take Hartford's apparent conflict into account,[3] it properly reviewed for abuse of discretion.

The district court also properly held that Hartford did not abuse its discretion when it terminated Maninger's disability benefits. Although Dr. Linquist opined that Maninger was "probably not employable," other evidence in the record contradicted that opinion.[4] Collectively, Drs. Dionee and Zacharia's conclusions, the "functional capacity evaluation," and Hartford's "employability analysis report" supported the decision that Maninger was no longer totally disabled. This evidence provided a reasonable basis for Hartford's decision.[5]

AFFIRMED.

---

1. *See Nord v. Black & Decker Disability Plan,* 356 F.3d 1008, 1009–10 (9th Cir.2004) (citing standard of review); *Alford v. DCH Group Long–Term Disability Plan,* 311 F.3d 955, 957 (9th Cir.2002).

2. *See Nord,* 356 F.3d at 1009–10.

3. *Id.* at 1010.

4. *Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 834, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003) (holding that "courts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician").

5. *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan,* 370 F.3d 869, 879–80 (9th Cir. 2004).

